**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A., | § <br> § <br> § <br> § | Civil Action No. 2:16-cv-639 |
| Plaintiffs, | § <br> § | |
| v. | § <br> § | PATENT CASE |
| BLACKBERRY CORPORATION and<br>BLACKBERRY LIMITED, | § <br> § <br> § | |
| Defendants. | § <br> § <br> § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendants, Blackberry Corporation and Blackberry Limited (together "Blackberry"), allege as follows:

### THE PARTIES

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns a number of patents in the field of text/voice instant messaging.

06096768

4.      Upon information and belief, Blackberry Corporation is a Delaware corporation having a principal place of business at 5000 Riverside Drive, Irving, Texas 75039 and offers its products and/or services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Blackberry Corporation may be served with process through its registered agent in Texas: Corporate Creations Network, Inc., 4265 San Felipe, # 1100, Houston, Texas 77027.

5.      Upon information and belief, Blackberry Limited is a company organized and existing under the laws of Ontario Canada having a principal place of business at 2200 University Avenue, E., Waterloo, Ontario N2K 0A7. Blackberry Limited may be served with process pursuant to the Hague Convention.

## JURISDICTION AND VENUE

6.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Blackberry is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

8.      Blackberry is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas including at its Texas headquarters at 5000 Riverside Drive, Irving,

Texas 75039 and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,724,622)

9.      Uniloc incorporates paragraphs 1-8 above by reference.

10.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,724,622 ("the '622 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 13, 2014.  A true and correct copy of the '622 Patent is attached as Exhibit A hereto.

11.     Uniloc USA is the exclusive licensee of the '622 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

12.     Upon information and belief, the following describes, at least in part Blackberry's BBM app:



13.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



14.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



15.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



16.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



17.    Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:

 

 

18.    Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:

docs.blackberry.com/en/admin/deliverables/63862/BBM_Security_Note.pdf

## TLS in BBM

BlackBerry 10, iOS, and Android devices send all data to each other through the BlackBerry Infrastructure over a TLS connection. In certain scenarios, BlackBerry 7.1 and earlier devices also send data this way. TLS is a common web standard used across all major desktop and mobile web browsers for secure online banking and shopping. A TLS connection between a device and the BlackBerry Infrastructure is designed to protect BBM messages from eavesdropping or manipulation by an attacker.

19.    Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



20.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



21.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



22.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



23.    Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



24.    Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



25.    Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:

**Check, R and D and Curved Lines**

When three curved lines appear next to the message, it means it is currently being uploaded from your device to the mobile network. When a D appears next to the check icon, it means the person's BlackBerry has downloaded the message. It's been delivered, but not opened. So you can rest assured that the message made it. When the R appears next to the check, then the message has been opened and read; the person to whom you were sending messages has seen it.

26.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



27.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



28.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



29.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



30.     Upon information and belief, the following describes, at least in part, how Blackberry's BBM app works:



31.     Blackberry has directly infringed, and continues to directly infringe one or more claims of the '622 Patent in this judicial district and elsewhere in Texas, including at least

Claims 3, 4, 6-8, 10, 11-19, 21-23, 27-33, 35, 38 and 39 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Blackberry BBM app system running Blackberry OS, iOS, Android and/or WP8 during the pendency of the '622 Patent which software and associated Blackberry servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device.

32.    In addition, should Blackberry's BBM app system be found to not literally infringe the asserted claims of the '622 Patent, Blackberry's accused BBM app system would nevertheless infringe the asserted claims of the '622 Patent.  More specifically, the accused BBM app system performs substantially the same function (instant voice messaging), in substantially the same way (via a digitized audio files in a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients).  Blackberry would thus be liable for direct infringement under the doctrine of equivalents.

33.    Blackberry may have infringed the '622 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its BBM app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

34.    Uniloc has been damaged, reparably and irreparably, by Blackberry's infringement of the '622 Patent and such damage will continue unless and until Blackberry is enjoined.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

35.    Uniloc incorporates paragraphs 1-34 above by reference.

11

36.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on March 31, 2015.  A true and correct copy of the '433 Patent is attached as Exhibit B hereto.

37.     Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

38.     Blackberry has directly infringed, and continues to directly infringe one or more claims of the '433 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-5, 7-12 and 14-19, 21-27 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the BBM app system running iOS, Android and/or WP8 during the pendency of the '433 Patent which software and associated Blackberry servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request.

39.     In addition, should Blackberry's BBM app system be found to not literally infringe the asserted claims of the '433 Patent, Blackberry's accused BBM app system would nevertheless infringe the asserted claims of the '433 Patent.  More specifically, the accused BBM app system performs substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients, storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield

substantially the same result (delivering voice messages to available intended recipients and wherein the messages may be stored, retrieved and/or deleted).  Blackberry would thus be liable for direct infringement under the doctrine of equivalents.

40.     Blackberry may have infringed the '433 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its BBM app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

41.     Uniloc has been damaged, reparably and irreparably, by Blackberry's infringement of the '433 Patent and such damage will continue unless and until Blackberry is enjoined.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

42.     Uniloc incorporates paragraphs 1-41 above by reference.

43.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the '890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 19, 2016.  A true and correct copy of the '890 Patent is attached as Exhibit C hereto.

44.     Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

45.     Blackberry has directly infringed, and continues to directly infringe one or more claims of the '890 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-6, 8, 9, 14, 15, 17-20, 22, 23, 28, 29, 31-34, 36, 37, 40-43, 45, 46, 51, 52, 53, 54, 56, 57, 62, 63, 64, 65, 67, 68, 69 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the BBM app system running iOS,

Android and/or WP8 during the pendency of the '890 Patent which software and associated Blackberry servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

46.     In addition, should Blackberry's BBM app system be found to not literally infringe the asserted claims of the '890 Patent, Blackberry's accused BBM app system would nevertheless infringe the asserted claims of the '890 Patent.  More specifically, the accused BBM app system performs substantially the same function (instant voice messaging), in substantially the same way (via a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients).  Blackberry would thus be liable for direct infringement under the doctrine of equivalents.

47.     Blackberry may have infringed the '890 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its BBM app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

48.     Uniloc has been damaged, reparably and irreparably, by Blackberry's infringement of the '890 Patent and such damage will continue unless and until Blackberry is enjoined.

## COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 8,199,747)

49.     Uniloc incorporates paragraphs 1-48 above by reference.

50.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,199,747 ("the '747 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING

that issued on June 12, 2012.  A true and correct copy of the '747 Patent is attached as Exhibit D hereto.

51.     Uniloc USA is the exclusive licensee of the '747 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

52.     Blackberry has directly infringed, and continues to directly infringe one or more claims of the '747 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-3, 12-14 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the BBM app system running iOS, Android and/or WP8 during the pendency of the '747 Patent which software and associated Blackberry servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant message audio file is generated and one or more files attached thereto and transmitting the files to available recipients and temporarily storing the message if an intended recipient is unavailable and thereafter delivered once the intend recipient becomes available.

53.     In addition, should Blackberry's BBM app system be found to not literally infringe the asserted claims of the '747 Patent, Blackberry's accused BBM app system would nevertheless infringe the asserted claims of the '747 Patent.  More specifically, the accused BBM app performs substantially the same function (instant voice messaging), in substantially the same way (recording and transmitting a message to be audibly played by one or more recipients and temporarily storing messages for a recipient who is unavailable), to yield substantially the same result (delivering voice messages with attached file(s) to available intended recipients). Blackberry would thus be liable for direct infringement under the doctrine of equivalents.

54.     Blackberry may have infringed the '747 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its BBM app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

55.     Uniloc has been damaged, reparably and irreparably, by Blackberry's infringement of the '747 Patent and such damage will continue unless and until Blackberry is enjoined.

**COUNT V**
(INFRINGEMENT OF U.S. PATENT NO. 8,243,723)

56.     Uniloc incorporates paragraphs 1-55 above by reference.

57.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,243,723 ("the '723 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on August 14, 2012.  A true and correct copy of the '723 Patent is attached as Exhibit E hereto.

58.     Uniloc USA is the exclusive licensee of the '723 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

59.     Blackberry has directly infringed, and continues to directly infringe one or more claims of the '723 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-3 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the BBM app system running iOS, Android and/or WP8 during the pendency of the '723 Patent which software and associated Blackberry servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the availability of the recipients' nodes is monitored, recorded and displayed and the instant message(s) are

temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

60.     In addition, should Blackberry's BBM app system be found to not literally infringe the asserted claims of the '723 Patent, Blackberry's accused BBM app system would nevertheless infringe the asserted claims of the '723 Patent.  More specifically, the accused Messenger app performs substantially the same function (instant voice messaging), in substantially the same way (monitoring, recording and displaying recipients' availability), to yield substantially the same result (delivering voice messages to available intended recipients and storing messages for unavailable recipients until they become available).  Blackberry would thus be liable for direct infringement under the doctrine of equivalents.

61.     Blackberry may have infringed the '723 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its BBM app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

62.     Uniloc has been damaged, reparably and irreparably, by Blackberry's infringement of the '723 Patent and such damage will continue unless and until Blackberry is enjoined.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Blackberry as follows:

(A)     that Blackberry has infringed the '622 Patent, '890 Patent, '747 Patent, '723 Patent and the '433 Patent;

(B)     awarding Uniloc its damages suffered as a result of Blackberry's infringement of the '622 Patent, '890 Patent, '747 Patent, '723 Patent and the '433 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining Blackberry, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '622 Patent, '890 Patent, '747 Patent, '723 Patent  and the '433 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: June 14, 2016                        Respectfully submitted,


                                            */s/ Craig Tadlock*
                                            Craig Tadlock
                                            Texas State Bar No. 00791766
                                            Keith Smiley
                                            Texas State Bar No. 24067869
                                            **TADLOCK LAW FIRM PLLC**
                                            2701 Dallas Parkway, Suite 360
                                            Plano, TX 75093
                                            Tel: (903) 730-6789
                                            Email: craig@tadlocklawfirm.com
                                            Email: keith@tadlocklawfirm.com

                                            Paul J. Hayes
                                            Kevin Gannon
                                            **CESARI AND MCKENNA, LLP**
                                            88 Black Falcon Ave
                                            Suite 271
                                            Boston, MA 02110
                                            Telephone: (617) 951-2500
                                            Facsimile: (617) 951-3927
                                            Email: pjh@c-m.com
                                            Email: ktg@c-m.com

                                            **ATTORNEYS FOR THE PLAINTIFFS**